MARTHA P. EVANS *vs.* GEORGE WEATHERHEAD *et al.*

PROVIDENCE—NOVEMBER 24, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Rule in Shelley's case in Personalty. Trusts.*

The rule in Shelley's case is applied by analogy to personalty, unless a contrary intent appears in the instrument. Hence where a will gave to a widow an equitable interest in the trust estate which, if it had been realty, would, under the rule in Shelley's case, have been an estate in fee, upon completion of the trust she is entitled to the fund, no conveyance being necessary.

BILL IN EQUITY seeking construction of will. Heard on bill and answers.

(1)     PER CURIAM. The court is of opinion that the will of Edwin Evans gave to his widow an equitable interest in the trust estate, which, if it had been realty, would, under the rule in Shelley's case, have been an estate in fee. The rule is applied by analogy to personalty, unless a contrary intent appears. *Taylor* v. *Lindsay*, 14 R. I. 518.

*Bucklin* v. *Creighton*, 18 R. I. 326, is not in conflict with *Taylor* v. *Lindsay*. It simply held that the gift there in question was not vested in the beneficiary who had the income for life, because the will required a conveyance of the interest upon her death ; thus evincing an intent that the remainder

was to be held as a separate estate and not to vest it in the heirs of the beneficiary.

The complainant is therefore entitled to the fund in the hands of the respondents, no conveyance being necessary; and, upon payment to her, the trust may be terminated and the respondents discharged as trustees.

*C. L. Kneeland*, for complainant.

*James Tillinghast and Lellan J. Tuck*, for respondents.